# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**IRENN JOHNSON,**
   **Plaintiff,**

  v.                Case No. 11-C-0207

**SECURITAS SECURITY SERVICES USA, INC.,**
   **Defendant.**

## DECISION AND ORDER

Plaintiff Irenn Johnson brings this employment discrimination lawsuit against defendant Securitas Security Services USA, Inc. Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). Plaintiff, however, has requested leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915. Under § 1915, an indigent party may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

Plaintiff has filed the required affidavit of indigence. Upon review of this affidavit, however, I cannot conclude that plaintiff is unable to pay the filing fee. Plaintiff and his spouse have income of $2,330 per month, have $4,700 in savings along with $15,000 in a § 401(k) account, and own two vehicles (one of which is valued at over $10,000). Although plaintiff adds that many of these assets are his wife's and that he and his spouse are separated, plaintiff has not provided me with sufficient information to determine whether he himself is unable to pay the filing fee. Therefore, his request to proceed in

forma pauperis will be denied without prejudice. If plaintiff believes that if I considered his assets and expenses individually and without reference to the assets and expenses of his wife I would find that he is indigent, plaintiff may resubmit his request to proceed in forma pauperis and omit information pertaining to his wife. Otherwise, plaintiff must pay the $350 filing fee.

Plaintiff has also filed a motion for appointment of counsel. Although civil litigants do not have a constitutional or statutory right to counsel, this court has the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). Luttrell v. Nickel, 129 F.3d 933, 936 (7th Cir. 1997) (citing Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir. 1995)). "As a threshold matter, litigants must make a reasonable attempt to secure private counsel." Zarnes, 64 F.3d at 288. Once this threshold burden has been met, the court must address the following question: given the difficulty of the case, does this plaintiff appear to be competent to try the case him or herself and, if not, would the presence of counsel likely make a difference in the outcome of the case. Id. (citing Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993). In the present case, plaintiff has not shown that he has made a reasonable attempt to secure counsel on his own. Therefore, his motion for appointment of counsel will be denied without prejudice. If plaintiff contacts at least three attorneys who practice employment law and none agrees to accept his case, plaintiff may resubmit his request for court-requested counsel.

**THEREFORE, IT IS ORDERED** that plaintiff's request to proceed in forma pauperis is **DENIED WITHOUT PREJUDICE**. Plaintiff must either pay the filing fee or resubmit his

request to proceed in forma pauperis by April 4, 2011. Otherwise, this action will be dismissed.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED WITHOUT PREJUDICE**.

Dated at Milwaukee, Wisconsin this 7th day of March, 2011

/s_____
LYNN ADELMAN
District Judge