# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**IRENN JOHNSON,**
      **Plaintiff,**

    v.                                                                  Case No. 11-C-0207

**SECURITAS SECURITY SERVICES USA, INC.,**
      **Defendant.**

## DECISION AND ORDER

Plaintiff Irenn Johnson brings this employment discrimination lawsuit against defendant Securitas Security Services USA, Inc. Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). Plaintiff, however, has requested leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915. Under § 1915, an indigent party may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

Plaintiff has filed the required affidavit of indigence. Upon review of this affidavit, I conclude that plaintiff is unable to pay the filing fee. Plaintiff has few assets and his expenses exceed his monthly income. Therefore, plaintiff's request to proceed in forma pauperis will be granted.

Plaintiff has also renewed his motion for appointment of counsel. Although civil litigants do not have a constitutional or statutory right to counsel, this court has the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28

U.S.C. § 1915(e)(1). When confronted with a request for pro bono counsel, the district court must make the following inquiries: (1) has the indigent litigant made a reasonable attempt to obtain counsel on his own, and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? Pruitt v. Mote, 503 F.3d 647, 654 (7th Cir. 2007) (en banc). I previously denied plaintiff's request for appointed counsel on the ground that he had not made reasonable attempts to secure counsel on his own. Plaintiff has since made reasonable attempts to secure counsel but has been unsuccessful. I therefore consider whether, given the difficulty of the case, plaintiff appears competent to litigate it himself.

At this point, this case seems to be a relatively uncomplicated employment discrimination case. Further, plaintiff's filings have been lucid and demonstrate a basic understanding of legal principles. Thus, given the difficulty of the case and plaintiff's abilities, it appears that plaintiff is competent to litigate on his own. His motion for pro bono counsel will be denied.

**THEREFORE, IT IS ORDERED** that plaintiff's request to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED**, pursuant to Fed. R. Civ. P. 4(c)(3), that the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon defendant. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8 per item. 28 C.F.R. §§ 0.114(a)(2).

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED**.

Dated at Milwaukee, Wisconsin this 7th day of April, 2011.

/s_____
LYNN ADELMAN
District Judge